E-FILED
Friday, 29 May, 2015 01:39:17 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

UNITED STATES OF AMERICA,      )
                               )
            PLAINTIFF,         )  13-30080
                               )  13-30081
        VS.                    )
                               )
ERIC M. ANDREWS, et al.,       )  SPRINGFIELD, ILLINOIS
                               )
            DEFENDANTS.        )

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE SUE MYERSCOUGH
UNITED STATES DISTRICT JUDGE

MAY 1, 2015
A P P E A R A N C E S:

FOR THE PLAINTIFF:            PATRICK HANSEN
                             ASST. U.S. ATTORNEY
                             318 SOUTH SIXTH
                             SPRINGFIELD, ILLINOIS

FOR DEFENDANT                JEFFREY T. PAGE
ERIC ANDREWS:                TIMONEY & PAGE
                             808 S. SECOND
                             SPRINGFIELD, ILLINOIS

FOR DEFENDANT                JON GRAY NOLL
MICHAEL KEEBLER:             NOLL LAW OFFICE
                             930 EAST MONROE
                             SPRINGFIELD, ILLINOIS

FOR DEFENDANT                HOWARD W. FELDMAN
JOEL C. ANDREWS:             FELDMAN WASSER DRAPER
                             1307 SOUTH SEVENTH
                             SPRINGFIELD, ILLINOIS

COURT REPORTER:       KATHY J. SULLIVAN, CSR, RPR, CRR
                      OFFICIAL COURT REPORTER
                      600 E. MONROE
                      SPRINGFIELD, ILLINOIS
                      (217)492-4810

KATHY J. SULLIVAN, CSR, RPR, CRR
OFFICIAL COURT REPORTER

P R O C E E D I N G S

*    *    *    *    *    *    *    *    *    *    *

THE COURT:  Court is reconvened.  I have an amendment to the plea agreement and was just talking to my clerk about some changes that are in the works.  I assume this amendment to the plea agreement is what he's referring to concerning the Andrews stipulation?

MR. HANSEN:  That is correct, Your Honor.

(A discussion was held off the record.)

MR. HANSEN:  The parties have filed, or Mr. Andrews, Joel Andrews and Eric Andrews and the Government, have filed today amendments or proposed amendments to the plea agreements that were previously filed on this case essentially quantifying or stipulating to the loss amount.  And which would also become the restitution amount.

Because it modifies a section of the plea agreement which the Court has -- I don't recall if you've accepted them or not; we believe that the proper vehicle to do this with, to come up with a stipulation as to the loss, would be an amendment to the plea agreement.

So procedurally, I think the correct course of action is to -- is to basically make sure that these

amendments or stipulations are voluntary.  And at that point, I see no reason for Mr. Andrews, Joel or Eric, to continue with this portion of the hearing.

THE COURT:  Okay.  If you agree with me, what I intend to do is have the Andrews brothers sworn and then ask them about their voluntariness and whether they agree to this.

MR. HANSEN:  That is precisely what I'd ask the Court to do.  Thank you.

THE COURT:  If you'll please, Messrs. Andrews, if you'll stand up, my clerk will swear you in.

(Defendants Joe and Eric Andrews were sworn.)

THE COURT:  You may be seated.  If you will state your name, please.

DEFENDANT E. ANDREWS:  Eric Martin Andrews.

THE COURT:  Sir?

DEFENDANT J. ANDREWS:  Joel Christopher Andrews.

THE COURT:  You understand that you're under oath at this time?

DEFENDANT E. ANDREWS:  Yes, Your Honor.

DEFENDANT J. ANDREWS:  Yes.

THE COURT:  And you understand anything that you say now is an admission and if you do not

tell the truth that you could be prosecuted for perjury; that is telling a falsehood?

DEFENDANT E. ANDREWS:  Yes, Your Honor.

DEFENDANT J. ANDREWS:  Yes, ma'am.

THE COURT:  All right.  I have before me an amendment to the plea agreement.  Have you seen this?

DEFENDANT E. ANDREWS:  Yes, Your Honor.

DEFENDANT J. ANDREWS:  Yes.

THE COURT:  And have you talked to your lawyer about it?

DEFENDANT E. ANDREWS:  Yes, Your Honor.

DEFENDANT J. ANDREWS:  Yes, ma'am.

THE COURT:  Are you satisfied with your lawyer's representation?

DEFENDANT E. ANDREWS:  Yes, ma'am.

DEFENDANT J. ANDREWS:  Yes, ma'am.

THE COURT:  And in this document it says that you understand and agree that the judgement and restitution amount of $13,363,665.18 will be payable jointly and severally with all co-defendants in this matter.

Do you understand that?

DEFENDANT E. ANDREWS:  Yes, ma'am.

DEFENDANT J. ANDREWS:  Yes, ma'am.

503

THE COURT:  Do you agree to that?

DEFENDANT E. ANDREWS:  Yes, ma'am.

DEFENDANT J. ANDREWS:  Yes.

THE COURT:  Do you have -- I understand you do have a dispute that the Government believes the amount of loss is higher and you believe the amount of loss is lower; is that correct?

DEFENDANT E. ANDREWS:  Yes, ma'am.

DEFENDANT J. ANDREWS:  Correct.

THE COURT:  But you nonetheless agree and understand that judgement and restitution in that amount will be payable by all the defendants in this case?

DEFENDANT E. ANDREWS:  Yes, ma'am.

DEFENDANT J. ANDREWS:  Yes, ma'am.

THE COURT:  You enter into this agreement voluntarily?

DEFENDANT E. ANDREWS:  Yes, ma'am.

DEFENDANT J. ANDREWS:  Yes.

THE COURT:  Nobody's forced you or promised you anything to cause you to enter into this agreement?

DEFENDANT E. ANDREWS:  No, ma'am.

DEFENDANT J. ANDREWS:  No.

THE COURT:  All right.  Mr. Hansen, do you

have any further questions?

MR. HANSEN:  I have no additional questions, Your Honor.  Thank you very much.

THE COURT:  All right.  Mr. Noll?

MR. NOLL:  Judge, I don't believe I have standing to ask any questions on this issue.

THE COURT:  Well, you certainly may if you wish at this time.  Your client is not entering into this same agreement.

MR. NOLL:  Fine.  May I address each of the Andrews?

THE COURT:  Yes.

MR. NOLL:  Joel Andrews --

THE COURT:  Mr. Page, Mr. Feldman, you have no objection to Mr. Noll asking?

MR. FELDMAN:  Since the Court indicated that it was okay, it's okay by me.

THE COURT:  All right.

MR. NOLL:  The first question I have actually goes to the prosecutor.  By asking these questions are these people covered under their cooperation agreement as to immunity?

MR. HANSEN:  This is a step which the Government recognizes and has discussed with both Mr. Feldman and Mr. Page to be both a clear sign of

acceptance of responsibility in owning up to the amount of loss, or compromising on a respectful disagreement, as well as in furtherance of their agreement to cooperate fully, completely, and honestly.

THE COURT:  Does that answer your question?

MR. NOLL:  Yes, it does, Judge.  And I think from that standpoint, I believe that as long as obviously they tell the truth, they're immunized under the cooperation agreement.

THE COURT:  All right.

MR. NOLL:  I'm gonna -- I only have a copy of Eric Andrews' unsigned agreement, but I believe they're mirror images, so I don't need it right in front of me.

THE COURT:  All right.  I have copies right here.  I'll give them to the Clerk and we'll give you a copy right now.

MR. NOLL:  Let me start with Eric Andrews.  Mr. Andrews, have you had a chance to review all of the pre-trial discovery in this case?

DEFENDANT E. ANDREWS:  Not all of it.

MR. NOLL:  Okay.  And you entered into this agreement.  Is there a number or dollar figure that you feel is more appropriate than the dollar figure

you agreed upon here?  Either more or less?

DEFENDANT E. ANDREWS:  This is a compromise we have reached with the Government.

MR. NOLL:  Okay.  So that you believe that possibly there could be a lower amount; is that correct?  For restitution?

DEFENDANT E. ANDREWS:  Yes.

MR. NOLL:  You've been present for the two days of testimony and understand what the issue has been represented to the Court; correct?

DEFENDANT E. ANDREWS:  Correct.

MR. NOLL:  Do you have an amount below the $13 million figure stated in the agreement that you believe is an appropriate restitution?

DEFENDANT E. ANDREWS:  Not right now, no.

MR. NOLL:  And you reached this compromise -- this compromise because you believe that the $13 million figure could have been substantially increased by testimony coming up, things of that nature; correct?

DEFENDANT E. ANDREWS:  Correct.

MR. NOLL:  You understand that the Government in this case may be asking for approximately a $17 million restitution order from my client?  You understand that from the various

pleadings and representations we've had to the Court?

DEFENDANT E. ANDREWS:  Yes.

MR. NOLL:  Do you believe that that is a fair and correct amount for restitution?

DEFENDANT E. ANDREWS:  I don't know.

MR. NOLL:  Is there a lesser amount that you feel would be fair and correct?

DEFENDANT E. ANDREWS:  I don't know at this time.

MR. NOLL:  In terms of your own experience in this case, the restitution amount you understand will become a civil judgement against you; correct?

DEFENDANT E. ANDREWS:  Yes.

MR. NOLL:  And apparently on a joint and several basis you and your brother and Mr. Keebler, if the Judge so finds, would be responsible jointly and severally for that $13 million repayment?

DEFENDANT E. ANDREWS:  Yes.

MR. NOLL:  And you're willing to repay that $13,000,363.65 and $.18.  I think I misstated that. $13,363,665.18.

DEFENDANT E. ANDREWS:  I believe that's the figure, yes.

MR. NOLL:  And you're willing to repay

that?

DEFENDANT E. ANDREWS: Yes.

MR. NOLL: And the compromise here, do you see this as part of your cooperation with the authorities?

DEFENDANT E. ANDREWS: Yes.

MR. NOLL: Is there anything about this amendment to your plea agreement that you think the Judge needs to know about? There have been no threats made to you, nothing of that nature?

DEFENDANT E. ANDREWS: Not at this time.

MR. NOLL: And you feel that that is a fair amount given all the facts that you know as you sit here today?

DEFENDANT E. ANDREWS: Yes.

MR. NOLL: I have no more questions, Judge.

THE COURT: What did you mean by not at this time?

DEFENDANT E. ANDREWS: I haven't given thought to what the restitution amount should be, but... That's what I meant.

THE COURT: Thank you.

Do you have questions for our other Mr. Andrews?

MR. NOLL: Yes, for Joel Andrews, Judge.

Mr. Andrews, you've heard the questions --
Mr. Joel Andrews, you heard the questions that I
asked Eric Andrews, did you not?

DEFENDANT J. ANDREWS:  I did.

THE COURT:  Would your answers differ in
any way from his?

DEFENDANT J. ANDREWS:  No.

MR. NOLL:  So you feel that that 13 million
dollar figure is best compromised by you under this
plea agreement and under the cooperation agreement
as a fair disposition on the amount of restitution
owed?

DEFENDANT J. ANDREWS:  Yes.

MR. NOLL:  And if we were in a jury case as
opposed to a bench case for restitution for
sentencing purposes, you'd be willing to state that
to a jury?

DEFENDANT J. ANDREWS:  Yes.

MR. NOLL:  I have nothing further, Judge.

THE COURT:  Anything at all, Mr. Page?

MR. PAGE:  No, Judge.  Thank you.

THE COURT:  Mr. Feldman?

MR. FELDMAN:  No, Your Honor.

THE COURT:  Mr. Hansen?

MR. HANSEN:  Nothing further, Your Honor.

510

Thank you.

THE COURT:  All right.  If you'll bring that witness that was on the stand back in.

If you'll bring the witness that was on the stand back in.

MR. NOLL:  Judge, obviously this development came up fairly recently here.  Since about late evening, early this morning.

Could I have a break of a period of time?  It's a different situation today than where we were when Mr. Curtis -- Harriss, Mr. Harriss, left the stand previously.

THE COURT:  Yes, you may.

MR. NOLL:  Do you mind?  I need to talk to the prosecutor, figure out what the dynamics I'm dealing with here.

THE COURT:  All right.  It's 9:18.  We'll take a recess until 9:30, unless you want to reconvene before that time.

MR. NOLL:  Judge, could I have more -- I know you're running a switch railroad here and I know you've got some time restraints on you.  Could I have 'til 9:45 to figure out --

THE COURT:  You may.

MR. NOLL:  But if I'm done, I'll come back

and tell you.

THE COURT:  You may.

MR. NOLL:  Thank you.

THE COURT:  Court is in recess.

MR. FELDMAN:  And Your Honor, so it's clear, we are excused?

THE COURT:  You are excuse.  Thank you, gentlemen.

MR. FELDMAN:  Thank you.

(A recess was taken.)

THE COURT:  Court is reconvened.

I've just been handed another amendment to the plea agreement on behalf of Michael R. Keebler.

Have you come to a resolution, Mr. Noll?

MR. NOLL:  Yes, ma'am, we have.  And I believe that's memorialized in the amendment to the plea agreement, Judge.

THE COURT:  All right.  Do you wish me to ask Mr. Keebler the same questions I asked the Andrews?

MR. HANSEN:  I do, Your Honor.  And I want to point out one -- one slight difference with this agreement.  And it's different only because the plea agreement for Michael Keebler was worded a little bit differently.

So this amendment actually impacts more than Paragraph 12(c).  There is a Paragraph 12(h) which also talks about restitution.  This agreement or amendment to plea agreement will quantify the amount that's in subparagraph 12(h) as well.

THE COURT:  All right.

If you'll please swear Mr. Keebler.

(Defendant Michael Keebler was sworn.)

THE COURT:  Mr. Keebler, have you had an opportunity to talk to your attorney, Mr. Noll, about the amendment to the plea agreement?

MR. KEEBLER:  I have.

THE COURT:  And are you satisfied with Mr. Noll's representation?

MR. KEEBLER:  Yes.

THE COURT:  And have you been promised anything or threatened in any way to enter into this plea agreement?

MR. KEEBLER:  No.

THE COURT:  Did you sign this plea agreement?

MR. KEEBLER:  I did.

THE COURT:  All right.  Do you have any questions about the plea agreement?

MR. KEEBLER:  No.

THE COURT:  You understand that you are agreeing that the amount of loss and restitution attributable to you shall be $13,363,665.18?

MR. KEEBLER:  I do.

THE COURT:  I realize that you disagree with the Government; you believe the amount is lower and the Government believes it's higher.  Is that right?

MR. KEEBLER:  Yes.

THE COURT:  Nonetheless, you wish to enter into this plea agreement and you realize you will have to pay this amount jointly and severally with all the co-defendants in this matter?

MR. KEEBLER:  I do.

THE COURT:  Are you entering into this agreement of your own free will?

MR. KEEBLER:  I am.

THE COURT:  Mr. Hansen, do you have any questions?

MR. HANSEN:  I do not, Your Honor.  I just want to point out that Mr. Keebler and I had a conversation, along with both his attorneys.  During that conversation we were blunt, we were frank.  And I just want to make sure that Mr. Keebler does not take any of that bluntness or frankness as any

threats of any kind, because there were none.  It was simply potential outcomes.  And we discussed those very clearly.

And I know Your Honor asked the question, I just want to verify that Mr. Keebler, other than what is written in this amendment to the plea agreement, there have been no promises and no threats that caused him to enter into this agreement at all.

THE COURT:  Do you understand what Mr. Hansen said?

MR. KEEBLER:  I do.

THE COURT:  Did you feel threatened in any way by Mr. Hansen?

MR. KEEBLER:  No.

THE COURT:  So this is your agreement?

MR. KEEBLER:  Yes.

THE COURT:  Mr. Hansen, I find it hard to believe that you were threatening in any way. Blunt, yes.  But I appreciate your having me ask that question.

And certainly, Mr. Keebler, I appreciate your entering into the amendment to the plea agreement which will allow me to eliminate the need for all of the witnesses to be present pursuant to the

subpoenas.  We'll show that those are discharged.

Mr. Hansen, will there be any further evidence at this time?

MR. HANSEN:  There is no further evidence. With this agreement I believe all -- all issues are resolved that will allow the Probation Department to go forward with its duties to prepare a presentence report.

THE COURT:  What is our sentencing date in this case?  August 11 maybe?  We'll look.

MR. NOLL:  August 10th, Judge.

MR. HANSEN:  August 10th.

THE COURT:  At what time?

MR. NOLL:  I believe you have all three of the cases that day, Judge.  I don't have it in front of me.

THE CLERK:  Your Honor, it is August 10th at ten a.m. for Mr. Keebler.  And for Mr. Andrews it is August 10th at 2:00 p.m., for both Joel and Eric.

THE COURT:  I assume the evidence will be -- there will be evidence submitted?

MR. NOLL:  No, Judge.  This is actually an 11(c)(3) plea with a fixed; which you accepted; a fixed term of five years incarceration.  There are some modifications depending upon acceptance of

responsibility.  But I believe that that will be something that will be relatively short.  Obviously the restitution is taken care of.

There might be some corrections to the PSI, but I don't see any reason why the Court should need more than half an hour, 45 minutes to do it, because the Court's already accepted -- I'm just -- I'm not telling you how to run your court, I'm just telling you that would be my thought from that standpoint.

THE COURT:  No, I appreciate it.  That's what I wanted to know.

All right.  We'll show that I have accepted all three of the amendments to the plea agreements both that of Messrs. Andrews and Mr. Keebler.  And we'll show the matter continued for sentencing August 10th.

MR. HANSEN:  All right.  And just for clarification, Your Honor, I'm not so sure that that would also be the case with Joel Andrews and Eric Andrews.  I think they may want to present some evidence at some point, because the agreement is not fixed.

So we'll obviously make recommendations, et cetera, but they are under a continuing duty to cooperate, so we may actually be moving to change

their sentencing date at some point.

THE COURT:  Okay.  Thanks for the heads-up.  Court is adjourned in --

MR. NOLL:  Judge, may I?

THE COURT:  Yes, Mr. Noll.

MR. NOLL:  The bond continues?

THE COURT:  Yes, it does, and the same conditions.

MR. NOLL:  And we can release people from subpoenas?

THE COURT:  Yes.

MR. HANSEN:  Thank you, Your Honor.

THE COURT:  Go ahead.

MR. NOLL:  Just logistically, can we clear these -- I've got a little manpower problem back at the office today for a variety of reasons.  Can we clear these out on Monday?

THE COURT:  You may.  We'll keep the court locked.

MR. NOLL:  I'll get ahold of security folks.  But how about the boxes?  I think we brought over your Court's copies, did we not?

THE COURT:  You did.

MR. NOLL:  Are those in the Clerk's office or --

THE COURT:  No.  Are they still right there?  Where are they?

THE CLERK:  I believe these may be our copies right in front of us.

THE COURT:  Those are what you brought over.  Those are your boxes.

MR. NOLL:  Okay, very good.  We'll get them out of your way Monday.

THE COURT:  Okay.  And then does the Government wish to have back the massive notebooks that you gave me?

MR. HANSEN:  We would like to recycle those, Your Honor, yes.

THE COURT:  All right.  So I will gather all this together after we adjourn court.

Court is adjourned.

(Court was adjourned in this case.)

519

I, KATHY J. SULLIVAN, CSR, RPR, CRR, Official Court Reporter, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

This transcripts contains the digital signature of:

Kathy J. Sullivan, CSR, RPR, CRR

License #084-002768

KATHY J. SULLIVAN, CSR, RPR, CRR
OFFICIAL COURT REPORTER